IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDSI TRAMERI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO._____ |
| OXFORD LAW, LLC and | ) |
| ACCE INTERNATIONAL, | ) *Jury Trial Demanded* |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the instant action pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this State and this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Lindsi Trameri ("Plaintiff"), is a natural person who at all relevant times resided in Tucker, Georgia (Dekalb County).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Oxford Law, LLC ("Oxford") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Oxford is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, ACCE International ("ACCE") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9. ACCE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

11. The obligation that Defendants have asserted to be owed by Plaintiff is allegedly due a creditor other than Defendants, and arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes, namely: a personal Capital One credit card (the "Debt").

12. Defendants use instrumentalities of interstate commerce or the mails for the purpose of collecting debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another.

13. On or about June 17, 2014, Oxford, itself and on behalf of ACCE, sent, or caused to be sent, written communication to Plaintiff on its law firm letterhead demanding payment for the Debt in the amount of $1,125.95. (*See* June 17, 2014 dun letter, attached as Exhibit A).

14. Upon information and good-faith belief, at the time Oxford sent its June 17, 2014 communication, the Debt was barred by the applicable statute of limitations in the state of Georgia.

15. Oxford's June 17, 2014 communication failed to apprise Plaintiff that the Debt was barred by the applicable statute of limitations.

16. Defendants' June 17, 2014 communication would lead a least sophisticated consumer to believe that a failure to pay the Debt would result, or could result, in the initiation of litigation to collect the Debt.[1]

---

[1] "[T]he FTC has found that nondisclosure of the fact that a debt is time-barred might deceive a consumer in at least two ways: first, because most consumers do not know or understand their legal rights with respect to the collection of time-barred debt, attempts to collect on such debt may create a misleading impression that the consumer has no defense to a lawsuit; and second, consumers often do not know that in many states the making of a partial payment on a stale debt actually revives the entire debt even if it was otherwise time-barred. Given the potential for confusion, and to avoid creating a misleading impression, the FTC recommended that if a collector knows or should know that it is collecting on a time-barred debt, it must inform the consumer that (1) the collector cannot sue to collect the debt, and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance. FED. TRADE COMM'N, THE STRUCTURE AND PRACTICE OF THE DEBT BUYING INDUSTRY 47 (2013) (FTC Report 2013)." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1015 (7th Cir. 2013).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

17. Plaintiff incorporates herein by reference each allegations above as if restated in their entirety.

18. Oxford violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Oxford violated the 15 U.S.C. § 1692e(2)(A);

b) Adjudging that ACCE is liable for the acts and/or omissions of Oxford;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law;

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

19.  Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

20.  Oxford violated 15 U.S.C. § 1692e(10) by utilizing false representations in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Oxford violated 15 U.S.C. § 1692e(10);

b) Adjudging that ACCE is liable for the acts and/or omissions of Oxford;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law;

g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

21. Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: November 7, 2014.

Respectfully submitted,

*s/Alex Simanovsky*
Alex Simanovsky
Georgia Bar No. 646874
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Ste. 300
Atlanta, Georgia 30345
Tel: (678) 781-1012
Fax: (877) 570-5413
Alex@A-S-Law.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

*s/Alex Simanovsky*
Alex Simanovsky